# IN THE COURT OF APPEALS OF IOWA

No. 21-1713
Filed November 2, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JAMES JONATHAN RYAN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Hardin County, Bethany J. Currie,

Judge.


A defendant appeals his conviction for possession of methamphetamine

with intent to deliver.  **AFFIRMED.**


Martha J. Lucey, State Appellate Defender, and Bradley M. Bender,

Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee.


Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**SCHUMACHER, Judge.**

James Jonathan Ryan appeals his conviction for possession of methamphetamine with intent to deliver. He claims there is insufficient evidence of his intent to deliver the drugs. Finding sufficient evidence supports the conviction, we affirm.

## I.     Background Facts & Proceedings

Sergeant Nelson, a Hardin County Sheriff's deputy, stopped a vehicle on March 2, 2021, because of the lack of license plates. He recognized the car and one of its occupants, Ryan, from previous interactions. Ryan was in the front passenger seat of the car. After discovering Ryan had outstanding warrants, Nelson asked him to exit the vehicle. Nelson then placed him under arrest due to the warrant. When Ryan was informed that he was under arrest, he became nervous and tried to return to his vehicle.

Nelson proceeded to pat Ryan down. During that pat-down, Nelson discovered a small amount of marijuana, a pipe used to smoke the marijuana, and a large bag of what appeared to be methamphetamine. Nelson arrested Ryan for possession of the methamphetamine with the intent to distribute. Subsequent testing at the Division of Criminal Investigation lab confirmed the bag contained about 27.73 grams, nearly one ounce, of methamphetamine.

Nelson testified that during the car ride to the jail, Ryan informed Nelson he used methamphetamine "basically as a source of money." Ryan denies making that statement and instead suggests he sarcastically told Nelson he sells drugs, after which he denied selling drugs repeatedly. Ryan also testified that he has been a daily user of methamphetamine for about six years.

Trial to a jury was held on August 10, 2021. Ryan suggested the methamphetamine was for personal use. The jury found him guilty of possession of methamphetamine with intent to deliver, in violation of Iowa Code sections 124.401(1)(b)(7) and 124.413 (2021), failure to affix a drug tax stamp, and possession of marijuana. Ryan appeals.[1]

## II. Standard of Review

We review sufficiency of the evidence claims for correction of errors at law. *State v. Crawford*, 972 N.W.2d 189, 202 (Iowa 2022). "[W]e are highly deferential to the jury's verdict. The jury's verdict binds this court if the verdict is supported by substantial evidence." *Id.* Evidence is substantial if it is "sufficient to convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." *Id.* We view the evidence in the light most favorable to the State. *Id.*

## III. Discussion

Ryan contests the sufficiency of the evidence for his conviction for possession of methamphetamine with the intent to deliver. In order to convict Ryan, the jury had to find, (1) Ryan knowingly possessed methamphetamine, (2) he knew the substance he possessed was methamphetamine, and (3) he possessed the methamphetamine with the intent to deliver it. On appeal, Ryan only challenges the sufficiency of the evidence for the last element, his intent to deliver. He claims the only evidence presented was the weight of the methamphetamine, which is insufficient to establish intent.[2]

---

[1] Ryan does not appeal his convictions for failure to affix a drug tax stamp and possession of marijuana.
[2] Ryan cites *State v. Boyd*, 224 N.W.2d 609 (Iowa 1974), *overruled on other grounds by State v. Seager*, 341 N.W.2d 420 (Iowa 1983), for the proposition that

"Because it is difficult to prove intent by direct evidence, proof of intent usually consists of circumstantial evidence and the inferences that can be drawn from that evidence." *State v. Adams*, 554 N.W.2d 686, 692 (Iowa 1996). In the context of drug possession with intent to deliver, we have found that "[i]ntent may be inferred from the manner of packaging the drugs, from large amounts of unexplained cash, as well as from the quantity of drugs." *Id.* (internal citations omitted). Other evidence probative for intent to distribute includes the presence of scales used to weigh the drugs. *Boyd*, 224 N.W.2d at 613.

Nelson testified that he arrested Ryan for possession with intent to deliver due to two primary factors: (1) the amount of the drugs, and (2) the lack of drug paraphernalia that would be used to ingest the drugs. It is true that the amount of drugs found was not wholly incompatible with personal use. However, Nelson—who stated that he has engaged in hundreds of drug arrests over his nineteen-year career—noted several factors that indicated the amount was likely meant to be further distributed. *See State v. Grant*, 722 N.W.2d 645, 648 (Iowa 2006) ("[O]pinion testimony by law enforcement personnel experienced in the area of buying and selling drugs may be offered as evidence for purposes of aiding the trier of fact in determining intent."). For instance, he testified that a frequent methamphetamine user could use about one gram a day. Twenty-seven grams was therefore "very, very unlikely" to be used for personal use. Nelson further

---

weight alone can never be sufficient to establish intent. But *Boyd* merely holds that "[w]e have no statutory guidelines to suggest what quantity of the drug raises an inference of intent to deliver; nor do we believe it is a matter of sufficient general knowledge and acceptance that we may judicially notice it." 224 N.W.2d at 613. In any event, the State presented several pieces of evidence probative of Ryan's intent.

testified that, based on his work with informants, one ounce of methamphetamine was a common quantity of methamphetamine to be purchased for resale. And twenty-seven grams was the third-largest amount of methamphetamine Nelson had seen in his career. *See State v. Arrington*, No. 03-1318, 2004 WL 894585, at *2 (Iowa Ct. App. Apr. 28, 2004). While it is possible to ingest methamphetamine without paraphernalia, Nelson testified that it is highly unusual. The lack of any paraphernalia suggests an intent to deliver. *See id.*; *State v. Skinner*, No. 03-0777, 2004 WL 144201, at *2 (Iowa Ct. App. Jan. 28, 2004). Thus, the amount of drugs and lack of drug paraphernalia suggest an intent to sell.

The State also highlights an admission by Ryan after he was arrested on the outstanding warrant that the drugs were a source of money for Ryan. Ryan devotes a substantial amount of his appellate brief opining on the lack of firm evidence demonstrating what was said in the car while driving to jail. Nelson testified that there was video evidence of his conversation with Ryan. The State did not offer that video into evidence, nor did Ryan. Without that video, Ryan contends, his version of the conversation is just as likely as Nelson's. However, this contention misconstrues our standard of review. We view the evidence in the light most favorable to the State, "including all 'legitimate inferences and presumptions that may fairly and reasonably be deduced from the record evidence.'" *Crawford*, 972 N.W.2d at 202 (citation omitted). And "[t]he jury was free to disbelieve [Ryan's] version of the events in weighing the evidence in the case." *See State v. Miller*, 535 N.W.2d 144, 148 (Iowa Ct. App. 1995). The lack of common items found with drug deals such as scales or large sums of money fails to alter our analysis for similar reasons.

The large amount of drugs, lack of drug paraphernalia, and Ryan's admission to Nelson all support an intent to distribute the methamphetamine. We find substantial evidence supports Ryan's conviction.

**AFFIRMED.**